NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YING QU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   15-72811

Agency No. A201-201-315

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2021[**]
Pasadena, California

Before:  KLEINFELD, R. NELSON, and VANDYKE, Circuit Judges.

Petitioner Ying Qu argues that the BIA erred in affirming the IJ's adverse

credibility finding.  Because substantial evidence supports the BIA's decision, *see*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), Qu's petition is denied.

When an adverse credibility determination is supported in part by lack of corroboration, we "undertake a two-step process." *Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016). "First, we separate out the non-corroboration grounds for the adverse credibility determination and evaluate whether the IJ and BIA's determination is supported by substantial evidence." *Id*. If the determination is supported by substantial evidence, we affirm. *Id.* But if it is not, and "only issues regarding lack of corroboration remain, we next ask whether the IJ satisfied *Ren*'s notice requirement." *Id.* If the IJ did not satisfy that requirement, we remand. *Id.* at 1043–44.

Qu first challenges the IJ's demeanor finding. In particular, she challenges the BIA's upholding of the IJ's determination that she was evasive and nonresponsive. However, the record does not compel a contrary conclusion. *Villalobos Sura v. Garland*, 8 F.4th 1161, 1167 (9th Cir. 2021). When Qu was asked why she did not attend school in the United States after getting a student visa for that purpose and having paid tuition already, she responded that she did not leave China to go to school and she could not afford it. This was after Qu had testified that she had wanted to continue attending school in China but could not afford to. In essence, Qu was asked to square one part of her testimony with

another part, but instead she just repeated what she had already said.  While one might charitably consider her testimony responsive, we cannot substitute our judgement for that of the BIA's.  *Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009).

The BIA additionally relied on inconsistencies within Qu's testimony and between her testimony and her written application.  Qu asserts that she was not given an opportunity to explain the inconsistencies between her testimony and her written asylum statement concerning the principal instance of past persecution.  Qu is incorrect.  Once the IJ made the adverse credibility determination, Qu was put on notice that she must explain all inconsistencies to the BIA.  *Pal v. INS*, 204 F.3d 935, 939 (9th Cir. 2000).  Qu, in her brief to the BIA, attempted to downplay her inconsistencies by attacking them as minor in nature.  However, inconsistencies concerning her principal instance of past persecution are hardly minor in nature. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

As to the inconsistencies within her testimony, Qu asserts that she provided plausible explanations.  Even if the BIA did err in its analysis of some inconsistencies, considering the totality of the circumstances, *see Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021), the record does not compel overturning the agency's adverse credibility determination.

Given the agency's demeanor finding, Qu's failure to produce corroborative evidence in her possession, and the inconsistencies between Qu's written application and oral testimony, we find that the BIA's determination is supported by substantial evidence.  Because these non-corroboration grounds are substantial evidence supporting the BIA's determination, we need not reach the corroboration grounds.  The petition for review is **DENIED**.